*Filed in open court*

*7mrs 5/14/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Criminal Action No. 07- 24 SLR |
| CHRISTOPHER M. KRAUSS, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and Edmund D. Lyons, Jr., Esquire, attorney for the defendant, CHRISTOPHER M. KRAUSS, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to a one count Felony Information charging the defendant with willfully making a false statement in a Form 433-A (Collection Information Statement for Wage Earners and Self Employed Individuals) in violation of 26 U.S.C. § 7206(1), which carries a maximum sentence of three years imprisonment, a fine of $250,000, one year of supervised release, a $100.00 special assessment, and the costs of prosecution, which the parties stipulate to be zero.

2. The defendant understands that the elements of the offense to which he is pleading guilty are that: (1) the defendant made and signed a Form 433-A that contained false information as to a material matter; (2) the defendant knew the information was false; (3) the

false statement was material; (4) the Form 433-A contained a written declaration that it was being signed subject to penalties of perjury; and (5) in making and filing the Form 433-A containing the said false statement, the defendant acted willfully.

3. The defendant knowingly, voluntarily and intelligently admits that on or about October 21, 2003, he willfully made, signed and filed a Form 433-A that contained false information as to a material matter, that is, he indicated on the said Form 433-A that he was not a party to a lawsuit when in fact he was a party to a lawsuit filed August 27, 2003 seeking in excess of $100,000. The defendant further admits that this false statement was material, and that the Form 433-A contained a written declaration that it was being signed subject to penalties of perjury.

4. The defendant understands that he owes the Internal Revenue Service back taxes, penalties, and interest. If full payment cannot be made immediately, defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate). Defendant also agrees to provide the above-described information to the probation office.

5. Provided that the United States Attorney does not learn of conduct inconsistent with acceptance of responsibility, the United States will recommend a two or three-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6. The defendant understands that at sentencing, the District Court must consider the

United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The defendant further understands that the government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant recognizes that the final determination of the defendant's sentence will be made by the Court. The defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

7. The defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

8. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence but the defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

9. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached

by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

COLM F. CONNOLLY
United States Attorney

_____        By: _____
Edmund D. Lyons, Jr., Esquire                Douglas E. McCann
Attorney for Defendant                       Assistant United States Attorney

_____
Christopher M. Krauss
Defendant

Dated: _____, 2007

\* \* \*

**AND NOW** this ____14th____ day of ____May____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
HONORABLE SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE