IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07- 24 SLR |
| CHRISTOPHER M. KRAUSS, | : |
| Defendant. | : |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO STAY SENTENCE OF INCARCERATION PENDING DETERMINATION OF APPEAL OF SENTENCE OR UNTIL MAY 1, 2008

COMES NOW, the United States, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware and hereby opposes the Defendant's Motion to Stay Sentence of Incarceration Pending Determination of Appeal of Sentence or Until May 1, 2008 (D.I. 23) for the reasons set forth below:

**Background**

1. On October 23, 2007, defendant Christopher Krauss was sentenced to, among other things, a term of incarceration of five months.

2. At sentencing, the Court indicated it would give the defendant a "self-report" date.

3. On October 29, 2007, the Court entered the Judgment, indicating a "self-report" date of November 26, 2007. D.I. 22.

4. On November 1, 2007, the defendant filed the instant motion.

5. In his motion, defendant asks that the Court permit him to remain on bail pending appeal; or in the alternative, to extend the "self-report" date until May 1, 2008.

**Stay of Execution of Sentence**

6. The defendant bring his motion under Rule 38(b) of the Federal Rules of Criminal Procedure. Rule 38(b) provides "[i]f the defendant is released pending appeal, the court must stay a sentence of imprisonment." Fed. R. Crim. Pro. 38(b). The release of a defendant pending appeal is governed by 18 U.S.C. § 3143(b). In order to release a defendant pending determination of an appeal, the Court must first find after a hearing[1] by clear and convincing evidence that the person is not likely to flee or pose a danger to the community. *See* 18 U.S.C. § 3143(b)(1)(A). The Court must also find that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in a reversal, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b)(1)(B).

7. At sentencing, the defendant asked the Court for a sentence that did not include incarceration. The government does not have a transcript of the sentencing; however, it believes that the principal basis for the request was the hardship to the defendant's mother if her caretaker (the defendant) was incarcerated. At sentencing, the Court stated, in essence, while it was aware that family circumstance might be a basis for a variance, it was reluctant to do so in this case.

8. In his submission, the defendant argues that cases pending before appellate courts might further alter the sentencing landscape and therefore affect the appeal of this case. However, as the defendant notes, the central issue in *Gall v. United States*, 127 S.Ct. 2933 *(cert granted* June 11, 2007), is the extent to which district courts are required to explain decisions to

---

[1] *See United States v. Davis*, 828 F.2d 968, 969 & n.1 (3d Cir. 1987) (noting that the Court of Appeals had reversed the District Court because it denied a motion for bail pending appeal without a hearing).

vary outside of a prescribed guideline sentence. This case, of course, involved a within-guideline sentence, and so the question presented in *Gall* is inapposite here. Moreover, as the Court indicated that it understood that a variance was possible, but that it chose to exercise its discretion not to vary, the government respectfully submits that there is not a substantial question of law or fact at issue on appeal, and that the motion should therefore be denied.

9. In sum, the government does not believe that the defendant can satisfy his burden in seeking bail pending appeal. However, the government believes that the Court must hold a hearing on the motion before it makes its determination.

**Adjustment of the Self-Report Date**

10. The defendant asks in the alternative to have his self-report date changed to May 1, 2008. The government has not found (thus far) any authority setting parameters for self-report dates. However, the government respectfully submits that a self-report date six months after sentencing is, in essence, bail pending appeal, and that section 3143 governs such a request.

WHEREFORE, the government respectfully requests that the Court deny the requested relief.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
Douglas E. McCann
Assistant United States Attorney

DATED:     November 5, 2007